# EXHIBIT A

## SETTLEMENT AGREEMENT. WAIVER AND RELEASE OF ALL CLAIMS

This Settlement Agreement, Waiver and Release of All Claims is made and entered into by and between Plaintiff Mettanie Tapia ("Plaintiff") on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators and ASPL Café Inc. d/b/a Riviera Gentleman's Club and George Dorizas ("Defendants") on behalf of themselves and their respective agents, assigns, attorneys, heirs, successors, predecessors, divisions, affiliates, executors and/or administrators.

**WHEREAS**, on or about April 24, 2014, Plaintiff filed, in the United States District Court for the Eastern District of New York, a Complaint in an action entitled "<u>Mettanie Tapia, on behalf of herself and all others similarly situated v. ASPL Cafe Inc. d/b/a Riviera Gentleman's Club and George Dorizas</u> ("Complaint"); and

**WHEREAS**, the Complaint was assigned Docket Number 14-cv-02587, and asserted violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, a Motion to Dismiss was filed by Defendants on or about August 6, 2014 for lack of jurisdiction and to compel arbitration based, in part, on an entertainer license agreement fully-executed by and between the parties; and

**WHEREAS**, this Settlement Agreement, Waiver and Release of All Claims ("Agreement") has been prepared by the respective parties;

**NOW, THEREFORE**, Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. <u>No Admission of Liability</u>

By entering into this Agreement, Defendants do not in any way admit liability or wrongdoing toward Plaintiff, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability against any and all of Defendants under any law, ordinance, rule, regulation or order with respect to any claims that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's contractual and/or employment

937952v1  000010.01000

relationship with and/or by Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. Consideration

In consideration for Plaintiff to enter into this Agreement and in full and complete satisfaction of any and all of her actual and potential claims against any and all of Defendants, Defendants shall make a total settlement payment of forty thousand dollars ($40,000.00) as follows: (a) the first settlement check shall be made payable to "Mettanie Tapia" in the amount of twenty-six thousand three hundred and thirty-three dollars ($26,333.00); (b) the second settlement check shall be made payable to "Law Offices of Raymond Nardo" totaling six thousand five hundred eighty-three dollars and fifty cents ($6,583.50); (c) and the third and final settlement check shall be made payable to "Berke-Weiss and Pechman" totaling seven thousand eighty-three dollars and fifty cents ($7,083.50). All of the above-mentioned settlement checks shall be forwarded herewith and held in escrow by Berke-Weiss and Pechman LLP, attorneys of record for Plaintiff, and shall be released immediately after the last of the following three events has occurred: (1) the revocation period has expired as referenced in Paragraph 13k. below; (2) Court approval has been obtained if a fairness hearing is required to be conducted; and (3) the Stipulation of Voluntary Dismissal with Prejudice, annexed hereto and made a part hereof as Exhibit A, has been filed with the Court resulting in the closure of this case with prejudice.

Each recipient of the above-mentioned settlement checks shall be issued an IRS Form 1099 for their respective settlement monies. Plaintiff agrees and affirms that the total settlement payment of forty thousand dollars ($40,000.00) shall constitute full and final consideration to be provided to her and her legal counsel under this Agreement and that neither she nor her legal counsel will seek any further consideration or compensation for any other claimed damages, costs, disbursements or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's contractual and/or

employment relationship with or termination of such contractual and/or employment relationship from or by Defendants.

It is expressly understood and agreed by Plaintiff that Defendants do not represent or guarantee that taxes should not be paid on any portion of the settlement monies. Plaintiff further acknowledges that it is her responsibility to make the necessary tax payments, if any be required, and she agrees to indemnify and hold Defendants harmless with respect to any taxes and/or social security payments, including interest and penalties, on any amounts that should have been paid by her.

3. <u>Stipulation of Voluntary Dismissal with Prejudice</u>

a. As previously referred to in Paragraph "2" above, Plaintiff hereby authorizes and directs her attorneys to execute and file with the Court a Stipulation of Voluntary Dismissal with Prejudice in the form attached hereto as Exhibit A or in any other form required by the Court, and to execute any other documents necessary to complete such dismissal with prejudice.

b. Plaintiff represents that other than the Complaint referenced above, she has neither filed nor commenced nor had filed or commenced on her behalf with any court, government agency or other tribunal any action, complaint, charge, grievance, arbitration or proceeding against Defendants.

4. <u>Release of All Claims</u>

a. In exchange for the consideration above, Plaintiff releases Defendants and all of their current and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, predecessors, divisions, affiliates, assigns and representatives, in their individual and/or representative capacities from any and all legal or equitable claims and actions, causes of action, demands, rights, damages, costs, expenses, attorneys' fees, penalties and compensation of any nature, whether fixed, contingent, known or unknown from the beginning of the world to the date of execution of this Agreement including, but not limited to, any claim, whether in law or equity, arising out of any and all matters occurring during the contractual and/or employment relationship between and among Plaintiff and Defendants, or upon or as a result of the termination of that relationship, as related to any local, state or

federal contract, employment and/or human rights law including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, all as amended, and any other federal, state or local statutes, laws, rules and regulations pertaining to employment, as well as any and all claims under state contract or tort law, as well as any claim for defamation, infliction of emotional distress, wrongful discharge or impairment of economic opportunity.

    b.    Defendants also release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have arising out of Plaintiff's contractual and/or employment relationship, and whether such claims are now known or unknown to Defendants up to and including the effective date of this Agreement.

    5.    <u>No Further Employment And/Or Contractual Relationship</u>

Plaintiff agrees and promises not to seek employment and/or a contractual relationship with Defendants or any of their corporate subsidiaries, divisions, affiliates or other related entities at any future time. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which Defendants or any of their corporate subsidiaries, divisions, affiliates or other related entities may reject any application to establish an employment and/or contractual relationship with or for Plaintiff and that such rejection would not constitute a violation of any law.

    6.    <u>Confidentiality</u>

Plaintiff and Defendants agree to keep the existence, terms and events leading up to and incorporated within this Agreement strictly confidential. Notwithstanding the foregoing, Plaintiff and Defendants may disclose the existence and terms of this Agreement to members of their immediate family and to their financial advisors for tax purposes or financial planning, who shall also be obligated to keep the existence and the terms of this Agreement strictly confidential. In addition, Plaintiff and Defendants may disclose the

937952v1 000010.01000

existence and terms of this Agreement if necessary in any action to enforce this Agreement, or as otherwise required by law, provided however that they promptly notify the non-disclosing party of any attempts to compel disclosure so that the non-disclosing party may seek an appropriate protective order.

7. Non-Disparagement

The parties agree that they will not disclose or cause to be disclosed any negative, adverse, disparaging or derogatory comments, statements or information about each other including any and all individual and corporate Defendants as well as current and/or former corporate officers, directors and managers.

8. Breach of Agreement

Breach of any of the provisions of this Agreement by any party to this Agreement including, but not limited to, Paragraphs 6 and 7 above, shall be deemed a material breach. In the event of a breach of Paragraph 6, the non-breaching party shall be entitled to recover damages, settlement monies, if any, already paid by Defendants, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

9. Applicable Law

This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

10. Enforceability

If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

11. <u>Interpretation of Agreement</u>

Plaintiff and Defendants agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

12. <u>Headings</u>

The headings in this Agreement are for the convenience of Plaintiff and Defendants and are not intended to modify the terms of the Agreement.

13. <u>Knowing and Voluntary Agreement</u>

Plaintiff agrees and affirms that:

a. She has carefully read and fully understands all of the provisions of this Agreement;

b. She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. She has been given a reasonable time to consider her rights and obligations under this Agreement and to consult with an attorney before executing it;

d. She has consulted with her attorney of choice before executing this Agreement;

e. This Agreement is legally binding and, by signing it, she understands that she is giving up and waiving certain rights, including her right to pursue the claims raised in the Complaint;

f. No promise or representation of any kind or character has been made by any of the parties or by anyone acting on their behalf to induce this Agreement;

g. She has not been forced or pressured in any way to sign this Agreement;

h. She is, through this Agreement, releasing all Defendants from any and all claims that she has or may have against Defendants in exchange for the full and final consideration described herein;

i. The consideration described herein is in addition to any consideration or payment that Plaintiff otherwise would have received if she did not sign this Agreement;

937952v1  000010.01000

j.  She knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them; and

k.  In addition to the above, Plaintiff hereby acknowledges and agrees that she has been given a period of at least 21 days within which to consider the Agreement; and that, having considered and executed the Agreement, she may revoke the Agreement for a period of seven days following her execution of the Agreement; and that the Agreement shall not become effective or enforceable until the revocation period has expired.

14.  <u>Complete Agreement</u>

This Agreement sets forth the entire agreement between Plaintiff and Defendants, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by Plaintiff and Defendants, or their respective attorneys, which makes specific reference to this Agreement.

15.  <u>Counterparts</u>

This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date set forth below.

**AGREED TO:**

Dated: New York, New York
October ___, 2014

Plaintiff:  _____
Mettanie Tapia

Defendants:  ASPL CAFÉ INC. D/B/A RIVIERA GENTLEMAN'S CLUB
By: _____    _____
George Dorizas                           George Dorizas, Individually

937952v1  000010.01000

Agreement; and that the Agreement shall not become effective or enforceable until the revocation period has expired.

14. <u>Complete Agreement</u>

This Agreement sets forth the entire agreement between Plaintiff and Defendants, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by Plaintiff and Defendants, or their respective attorneys, which makes specific reference to this Agreement.

15. <u>Counterparts</u>

This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date set forth below.

|  |  |
|---|---|
| **AGREED TO:** | Dated: New York, New York<br>October ____, 2014 |

Plaintiff: _____
Mettanie Tapia

Defendants: ASPL CAFÉ INC. D/B/A RIVIERA GENTLEMAN'S CLUB

By: _____
George Dorizas

_____
George Dorizas, Individually

937952v1  000010.01000